[Civ. No. 20324. Second Dist., Div. One. Mar. 15, 1955.]

SONIA YABLON, Appellant, v. HENRY E. BURKE et al., Respondents.

Low & Stone and Leonard Low for Appellant.

Gitelson, Ashton, Moore & Coyle, Arthur S. Wolfe, Alfred Gitelson and Leon M. Cooper for Respondents.

DORAN, J.—This is an appeal from the judgment following the sustaining of a demurrer to the fourth amended complaint without leave to amend.

The fourth amended complaint was an action for specific performance of an alleged contract to purchase real estate, for damages for breach of contract and for damages for fraud. Following the order sustaining the demurrer without leave to amend a judgment of dismissal was entered, from which judgment plaintiff appeals.

It is contended on appeal that the complaint stated a cause of action on all counts.

It is argued:

" (1) That a contract for the sale and conveyance of land to Plaintiff was signed by Lawrence on behalf of the owner-seller of the land.

" (2) That the identity of the owner-seller was not disclosed to Plaintiff when the contract was signed.

" (3) That in fact, the owner-seller is either Burke or the Wilshire-Cochran Corporation.

" (4) That the contract contains a provision that the sale is subject to the approval of the seller.

" (5) That Burke controls the Wilshire-Cochran Corporation, and that it is his *alter ego.*

" (6) That all Defendants are mutual agents.

" (7) That Plaintiff had no knowledge of whether Lawrence was authorized in writing or not, but that Defendants are estopped to deny the authority of any Defendant to execute the contract, if the said authorization is not in writing.

" (8) That Plaintiff has performed all conditions precedent and is ready, willing and able to carry out the terms of the contract, but that despite demand by Plaintiff, Defendants have refused to execute the conveyance.

"Plaintiff submits that these allegations establish the execution by Defendants of a valid and subsisting contract for the purchase and sale of the real property involved, and that Defendants should not be permitted by their own internal manipulations to take advantage of a statute of frauds defense, where Plaintiff has alleged facts to show that the signature of Lawrence is, in effect, the signature of the owner of the property involved.

. . . . . . . . . . .

"In support of her third cause of action, Plaintiff further alleges that Defendants made a series of misrepresentations after the contract was signed as follows:

"(a) That they wanted to and intended to carry out the contract evidenced by the deposit receipt.

"(b) That they were holding up the deal only because they were concerned with certain Internal Revenue Code provisions dealing with the application of the Capital Gains Tax Law to real property transactions, and that the deal would be consummated within a few days.

"(c) That the property was in the name of the corporation, whose name was not revealed at that time, but that said corporation was entirely controlled by Henry E. Burke, and that as soon as certain transactions involving transferring of title from the Corporation to Henry E. Burke personally were completed, the property would be sold.

"(d) That an escrow should be opened in which plaintiff could complete this transaction.

"(e) That when plaintiff went to open the escrow she was told that certain conditions were required in setting up the deal, such as a lease for six (6) months with an option to buy, would be incorporated in the deal only for the purposes of effecting conformity with the Capital Gains Provisions of the Internal Revenue Code, but that the deal was otherwise consummated as set forth in the contract evidenced by the deposit receipt."

The defendant Lawrence apparently was a real estate agent. The property in question was shown to appellant by Lawrence. Appellant decided to buy the property and gave Lawrence a check for $2,000 for which a receipt was given appellant. This receipt is the only record of the transaction. It is printed and is headed, "California Real Estate Association Standard Form Deposit Receipt." The receipt provides that the payment is, "A deposit on account of the purchase price of the following described property," etc. Then follows the description of the property and the terms of sale. The total price was $90,000. The usual conditions are included relating to title insurance, taxes, etc., and concludes with the statement, "That the property is sold subject to the approval of the seller." The receipt is signed "Henry E. Burke Co." by what appears to be E. L. Lawrence. There are no other signatures on the document.

Incidentally, the complaint alleges, "That plaintiff has no knowledge of whether defendant Lawrence was authorized in writing or not, and that defendants are estopped by virtue of their inter-relationship to deny the authority of any defendant to execute said contract, if said authorization is not in writing."

Obviously the transaction was never consummated. The receipt above referred to is not a contract upon which the within action could be based. It was not signed by either the vendor or the vendee. Actually it was not a contract for the purchase and sale of real property.

The law relating to such transactions is well settled and requires no citation of authority. That the trial court's action was correct, there can be no question.

The judgment is affirmed.

White, P. J., and Drapeau, J., concurred.